IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARIS SISWANTO, Personal Representative of the Heirs of MRS. SUSIYAH, deceased, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 15-cv-5486 |
| AIRBUS, S.A.S., a corporation, AIRBUS AMERICAS, INC., a corporation, DORIC CORORATION, a corporation, HONEYWELL, INTERNATIONAL, INC., a corporation, THALES GROUP, INC., a corporation, THALES USA, INC., a corporation, GE AVIATION SYSTEMS, LLC., a limited liability corporation, MOTOROLA, INC., a corporation, HAMILTON SUNDSTRAND CORP., a corporation, GOODRICH CORP., a corporation, | ) ) ) ) ) ) ) ) ) ) ) | Hon. John Robert Blakey |
| Defendants. | ) | |

## PARTIES' INITIAL JOINT STATUS REPORT

Plaintiffs, through undersigned counsel, submit this Initial Joint Status Report to the Court. No defendant has yet appeared. Therefore, this report is submitted solely by plaintiffs.

## NATURE OF THE CASE

**Attorneys of Record**

The lead attorney for plaintiffs is Floyd A. Wisner, Wisner Law Firm, P.C., 514 W. State Street, Suite 200, Geneva, Illinois 60134; (630) 262-9434; faw@wisner-law.com. Additional counsel for plaintiffs is Alexandra M. Wisner, 514 W. State Street, Suite 200, Geneva, Illinois 60134; (630) 262-9434; aw@wisner-law.com.

Plaintiffs have served all defendants pursuant to Fed.R.Civ.P. 4. However, no attorney for any defendant has yet appeared. Plaintiff's counsel has been contacted by attorney Thad Dameris of Arnold & Porter LLP, 700 Louisiana Street, Suite 1600, Houston, Texas 77002; (713) 576-

2400; thad.dameris@aporter.com. Mr. Dameris will be representing defendant Airbus, S.A.S. and will be lead counsel for this defendant. Plaintiff's counsel does not know the identity of counsel for any other defendant. Plaintiffs will be filing a motion, pursuant to Rule 41, to voluntarily, dismiss without prejudice, defendants Airbus Americas, Inc. and GE Aviation Systems, LLC.

**Basis For Federal Jurisdiction**

This action arises from the crash of AirAsia Flight 8501 in which more than 75 persons died at the same location. This action therefore is governed by the Multi-Forum Multi-Jurisdiction Act, 28 U.S.C. § 1369, and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

**Nature of Claims Asserted**

Plaintiffs assert claims for wrongful death and survival damages against defendant Airbus, S.A.S., the manufacturer of the accident aircraft, and defendants Honeywell International, Inc., Thales Group, Inc., Thales USA, Inc., Motorola, Inc., Hamilton Sundstrand Corporation, and Goodrich Corporation, all manufacturers of certain components of the accident aircraft, and Doric Corporation, and owner and lessor of the accident aircraft. Plaintiffs' claims against the aircraft and component manufacturers are in strict product liability and negligence. Plaintiffs' claims against the owner and lessor of the aircraft are for negligent leasing of the allegedly defective accident aircraft.

**Major Legal and Factual Issues Anticipated**

Plaintiffs believe the defendants will assert that the accident aircraft and its components were not defective and that any defects in the aircraft or components did not proximately cause the crash of the aircraft. Plaintiffs anticipate these defendants will contend the crash was caused by the negligence of the airline, AirAsia, and its flight crew. As no defendant has as yet appeared and

answered, plaintiffs do not know of any other major legal and factual issues which may be raised by defendants.

**Relief Sought By Plaintiffs**

Plaintiffs seek damages for the wrongful death of their respective decedents, including damages for loss of support, loss of net accumulation, loss of household and other services, loss of care, comfort, guidance, companionship and society and mental anguish, sorrow, and grief as a result of the deaths of plaintiffs' decedents. In addition, plaintiffs seek damages for their respective decedents' injuries, including conscious pain and suffering and terror, prior to impact and prior to their deaths.

## PENDING MOTIONS AND CASE PLAN

**All Pending Motions**

As no defendant has yet appeared and answered, plaintiffs are not aware of any motions which may be brought by any defendant. Plaintiffs can state that in other actions of this nature, defendants have challenged the personal jurisdiction of the Court and have asserted motions to dismiss for forum non conveniens.

**Discovery and Case Management Plan**

If any defendant challenges the personal jurisdiction of the Court or asserts a forum non conveniens motion to dismiss, plaintiffs anticipate that any such defendant may seek to limit discovery to those defenses. In such an event, plaintiffs would object to any such limitation of discovery and can advise the Court of the basis for such objection if and when any motion is filed by defendants and any attempt to limit discovery to those issues is made.

Plaintiffs anticipate that discovery will be conducted on the merits, including interrogatories, requests for production of documents, and perhaps requests to admit, and that depositions of the parties will be conducted. Plaintiffs believe those depositions will include depositions of

representatives of the defendant manufacturer and component manufacturers involved in the design, manufacture, assembly, inspection, testing, quality control, and sale of the aircraft and components. Plaintiffs also anticipate that defendants may wish to take the depositions of plaintiffs on the issue of damages.

Plaintiffs suggest that Rule 26(a)(1) disclosures be due on October 29, 2015.

Plaintiffs propose that the parties issue written discovery by November 30, 2015.

Plaintiffs do not know of any basis for any request for a protective order.

Plaintiffs propose that fact discovery be completed by August 2, 2016.

There will be expert discovery in this case. Plaintiffs propose that expert discovery be completed by November 12, 2016.

Plaintiffs propose that all dispositive motions be filed by January 16, 2017.

Plaintiffs propose a trial date for March 2017. Plaintiffs have requested a jury and anticipate a trial of approximately two weeks.

## CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE

Plaintiffs do not agree to proceed before a magistrate judge.

## STATUS OF SETTLEMENT DISCUSSIONS

No defendant has as yet appeared in this case and there have been no settlement discussions. Plaintiffs are always willing to discuss a settlement, but anticipate that a settlement conference would be premature at this point.

Respectfully submitted,

    /s/Floyd A. Wisner
Attorney For Plaintiffs

Wisner Law Firm, P.C.
514 W. State Street
Suite 200
Geneva, Illinois  60134
(630) 262-9434
(630) 262-1066 (fax)
faw@wisner-law.com
Ill. ID No. 3048713