IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARIS SISWANTO, Personal Representative of the Heirs of Mrs. Susiyah, deceased, et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 15-cv-5486 |
| v. | ) ) | Hon. John Robert Blakey |
| AIRBUS, S.A.S., et al., | ) ) ) | |
| Defendants. | ) | |

### DECLARATION OF STEVEN L. BOLDT
### ON BEHALF OF HONEYWELL INTERNATIONAL INC.

I, Steven L. Boldt, hereby declare and state as follows:

1. I am an attorney with the law firm of ADLER MURPHY & MCQUILLEN LLP. I am licensed to practice law in the State of Illinois, admitted to practice before the United States District Court for the Northern District of Illinois (the "Court"), and one of the attorneys of record for Defendant Honeywell International Inc. ("Honeywell") in the above-captioned matter. I have personal knowledge of the matters stated below and, if called as a witness, could competently testify thereto.

2. This declaration is submitted in support of Defendants' Joint Motion to Dismiss for *Forum Non Conveniens*.

3. If the above-captioned matter is dismissed on grounds of *forum non conveniens*, Honeywell will stipulate to the following conditions as part of the dismissal order entered by the Court:

   A. Honeywell consents to the jurisdiction of the Indonesian courts, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order;

B. Honeywell agrees to accept service of process from the Indonesian courts, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order;

C. Honeywell agrees to toll any statute of limitations that might apply to any cause of action that was timely filed in this Court that is later refiled by Plaintiffs in the Indonesian courts, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order;

D. Honeywell agrees to produce and make available in the action refiled by Plaintiffs in the Indonesian courts all employees, witnesses and documents in its possession, custody, or control in the United States that the Indonesian courts deem relevant and responsive to the resolution of any issue before it in accordance with the Indonesian courts' local procedures, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order; and

E. Honeywell agrees to pay or cause to be paid any judgment awarded against it in an Indonesian court subject to the Indonesian courts' rules on finality and the right of appeal, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order.

**FURTHER AFFIANT SAYETH NAUGHT.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 26, 2016

_____
Steven L. Boldt
ADLER MURPHY & MCQUILLEN LLP
Attorneys for Honeywell International Inc.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARIS SISWANTO, Personal Representative of the Heirs of Mrs. Susiyah, deceased, et al., | ) ) ) | |
| *Plaintiffs,* | ) ) | No. 15-cv-5486 |
| v. | ) ) | Hon. John Robert Blakey |
| AIRBUS, S.A.S., et al., | ) ) ) | |
| *Defendants.* | ) | |

## DECLARATION OF ROBERTA MIRANDA
## ON BEHALF OF GOODRICH CORP.

I, Roberta Miranda, hereby declare and state as follows:

1. I am an attorney with the law firm of FITZPATRICK & HUNT, TUCKER, PAGANO, AUBERT, LLP. I am licensed to practice law in the State of New York, admitted to practice before the United States District Court for the Northern District of Illinois (the "Court"), and one of the attorneys of record for Defendant Goodrich Corp. ("Goodrich") in the above-captioned matter. I have personal knowledge of the matters stated below and, if called as a witness, could competently testify thereto.

2. This declaration is submitted in support of Defendants' Joint Motion to Dismiss for *Forum Non Conveniens*.

3. If the above-captioned matter is dismissed on grounds of *forum non conveniens*, Goodrich will stipulate to the following conditions as part of the dismissal order entered by the Court:

   A. Goodrich consents to the jurisdiction of the Indonesian courts, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order;

1451498.1

B. Goodrich agrees to accept service of process from the Indonesian courts, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order;

C. Goodrich agrees to toll any statute of limitations that might apply to any cause of action that was timely filed in this Court that is later refiled by Plaintiffs in the Indonesian courts, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order;

D. Goodrich agrees to produce and make available in the action refiled by Plaintiffs in the Indonesian courts all employees, witnesses and documents in its possession, custody, or control in the United States that the Indonesian courts deem relevant and responsive to the resolution of any issue before it in accordance with the Indonesian courts' local procedures, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order; and

E. Goodrich agrees to pay or cause to be paid any judgment awarded against it in an Indonesian court subject to the Indonesian courts' rules on finality and the right of appeal, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order.

**FURTHER AFFIANT SAYETH NAUGHT.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 26, 2016

_____
Roberta Miranda
FITZPATRICK & HUNT,
TUCKER, PAGANO, AUBERT, LLP
Attorneys for Goodrich Corp.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARIS SISWANTO, Personal Representative of the Heirs of Mrs. Susiyah, deceased, et al., | ) ) ) | |
| *Plaintiffs*, | ) ) | No. 15-cv-5486 |
| v. | ) ) | Hon. John Robert Blakey |
| AIRBUS, S.A.S., et al., | ) ) ) | |
| *Defendants.* | ) | |

### DECLARATION OF JOHN MAGGIO
### ON BEHALF OF DORIC CORPORATION

I, John Maggio, hereby declare and state as follows:

1. I am an attorney with the law firm of Condon & Forsyth LLP. I am licensed to practice law in the State of New York, admitted to practice before the United States District Court for the Northern District of Illinois (the "Court"), and one of the attorneys of record for Defendant Doric Corporation ("Doric") in the above-captioned matter. I have personal knowledge of the matters stated below and, if called as a witness, could competently testify thereto.

2. This declaration is submitted in support of Defendants' Joint Motion to Dismiss for *Forum Non Conveniens*.

3. If the above-captioned matter is dismissed on grounds of *forum non conveniens*, Doric will stipulate to the following conditions as part of the dismissal order entered by the Court:

    A. Doric consents to the jurisdiction of the Indonesian courts, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order;

B. Doric agrees to accept service of process from the Indonesian courts, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order;

C. Doric agrees to toll any statute of limitations that might apply to any cause of action that was timely filed in this Court that is later refiled by Plaintiffs in the Indonesian courts, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order;

D. Doric agrees to produce and make available in the action refiled by Plaintiffs in the Indonesian courts all employees, witnesses and documents in its possession, custody, or control in the United States that the Indonesian courts deem relevant and responsive to the resolution of any issue before it in accordance with the Indonesian courts' local procedures, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order; and

E. Doric agrees to pay or cause to be paid any judgment awarded against it in an Indonesian court subject to the Indonesian courts' rules on finality and the right of appeal, if the above-captioned action is refiled by Plaintiffs in Indonesia within one year following entry of the dismissal order.

**FURTHER AFFIANT SAYETH NAUGHT.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 26, 2016

_____
John Maggio
CONDON & FORSYTH LLP
Attorneys for Doric Corporation

2